Carl Angel, Respondent, v. The Catholic Club of the City of New York, Appellant.— Motion for leave to appeal to the Court of Appeals denied.

A. Parke Payne, Respondent, v. Charles Broadway Rouss, Appellant.— Motion for leave to appeal to the Court of Appeals denied.

John Fisher et al., as Trustees of School District No. 1, Town of Eastchester, Appellants, v. John Monahan et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied.

George W. Church, Appellant, v. Elizabeth Walsh et al., Respondents.—We are not prepared to say that the appeal was not taken in time. It must be heard, however, upon the papers recited in the order appealed from. The affidavit in opposition to this motion indicates that the judge at Special Term was particularly careful in respect to the recitals in the resettled order and that the papers mentioned therein were actually used and considered in the determination made by him. Application to be relieved from printing certain papers on appeal denied.

Henry Batterman, Respondent, v. John Neiderstein, Appellant.—Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

Barbara Eimer, Respondent, v. Lena Weber, the name Lena being fictitious, real first name unknown to the plaintiff, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

The People of the State of New York ex rel. Michael J Coffey, Respondent, v. The Democratic General Committee of Kings County, Appellant.—Motion to resettle order granted and order as resettled signed.

Marie Kroner, Respondent, v. John F. Reilly, Appellant.— The exercise of the power to order restitution under section 1328 of the Code of Civil Procedure is discretionary. (*Kidd* v. *Curry*, 29 Hun, 215.) The successful appellant may be remitted to his action. (*Lott* v. *Swezey*, 29 Barb. 87.) The disobedience of an order of restitution is punishable as a contempt. (*Devlin* v. *Hinman*, 40 App. Div. 101; affd., 161 N. Y. 115.) Under the peculiar circumstances of the present case we do not think the defeated respondent should be subjected to so harsh a remedy, although she may be and should be compelled to repay the money which she has received if that end can be obtained by judgment and execution. Motion for restitution denied, without costs.

Jennie Graham, Appellant, v. Frank W. Boyer, Respondent.— Judgment of the Municipal Court affirmed on argument, with costs.

The People of the State of New York, Respondent, v. Mercantile Co-operative Bank, Appellant.— Transferred to the first department.

James M. Morrison, by Annie Morrison, his Guardian ad Litem, Respondent, v. The Brooklyn City Railroad Company, Appellant.— Order affirmed on argument, with ten dollars costs and disbursements.

Mary F. Hannon, Respondent, v. Siegel-Cooper Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion.

James G. Forman, Respondent, v. Bernard T. Biffar, Appellant.— Order affirmed, without costs. No opinion. All concurred.

James G. Forman, Respondent, v. Bernard T. Biffar, Appellant.— Order affirmed, without costs. No opinion. All concurred, except Jenks, J., not sitting.

Henry Vollweiler, Respondent, v. Gottlieb Sauter, Appellant.— Judgment of the Municipal Court affirmed, with costs, by default.

Gottlieb Sauter, Appellant, v. Henry Vollweiler, Respondent.— Judgment of the Municipal Court affirmed, with costs, by default.

Aaron Volk, Respondent, v. John, Henry, George and Julius Blaumer, Fictitious, etc., Appellant.— Appeal dismissed, with costs.

Frederick Schreiber, Respondent, v. Eugene R. Darling, Appellant.—Appeal dismissed, with costs.

Charles H. Winslow, Respondent, v. Charles F. Gallagher, Appellant.—Appeal dismissed, with costs.

Mary Bullenkamp, Appellant, v. Annie Bullenkamp, Respondent.— Motion granted.

John Fisher et al., as Trustees of School District No. 1, Town of Eastchester, Appellants, v. John Monahan et al., Respondents.—Order of affirmance amended by striking therefrom the word "interlocutory" before the word "judgment" wherever the expression "interlocutory judgment" occurs in said order.

Clarence S. McClellan and Thomas R. Hodge, Respondents, v. Naomi Duncombe, Appel-

lant.— The plaintiffs' default on the motion for reargument is opened, and the papers upon said motion for reargument may be submitted on Friday next at the opening of the court.

Matilda S. Henn, Respondent, v. The Long Island Railroad Company, Appellant.— We cannot see that this case involves any serious question that has not already been passed upon by the Court of Appeals. The motion for leave to appeal to that court will, therefore, be denied; but a stay of ten days is granted in order that the appellant may apply elsewhere for leave, if so advised.

Frederick W. Wurster and Another v. Henry W. Armfield.— Motion to dismiss appeal from order granted, without costs, unless the appeal from judgment shall be perfected, so that the case on such appeal shall be on the calendar of this court at its next term, in which case the motion to hear the appeal from the order on the hearing of the appeal from the judgment is granted, without costs.

Nathaniel J. Wyeth, Appellant, v. Edward Hett and American Lithographic Company, Respondents.— Application for leave to appeal to the Court of Appeals denied.

George W. Church, Appellant, v. Elizabeth Walsh et al., Respondents.—Motion to dismiss appeal from judgment denied, without costs. Motion to dismiss appeal from order denied, without costs.